In re **PENN CENTRAL SECURITIES LITIGATION.**

Richard S. **ROBINSON** et al.

v.

**PENN CENTRAL COMPANY** et al.

Byron **WILLIAMS** et al.

v.

**PENN CENTRAL COMPANY** et al.

**M.D.L. Docket No. 56.**

**Civ. A. Nos. 70-2010, 71-2838.**

United States District Court, E. D. Pennsylvania.

June 23, 1972.

See also, 335 F.Supp. 1026; 336 F. Supp. 658.

David Berger, Philadelphia, Pa., for plaintiff Richard S. Robinson, and others.

Bardyl R. Tirana, Sundlun, Tirana & Scher, Washington, D. C., for defendant Executive Jet Aviation, Inc.

## MEMORANDUM AND ORDER

JOSEPH S. LORD, III, Chief Judge.

Defendant Executive Jet Aviation, Inc. ("EJA") has moved to dismiss claims asserted against it in the above-captioned actions. We will postpone any ruling on EJA's motion in 71–2838 pending a decision by the Judicial Panel on Multidistrict Litigation on plaintiffs' motion to remand the action to the Northern District of Texas. For the reasons set forth below, we have concluded that defendant's motion should be granted in 70–2010.

The *Robinson* action is brought by present shareholders of Penn Central Company and asserts both derivative and direct claims against Penn Central companies, their present and former directors and officers, and others. The only claim asserted against EJA in 70–2010 is contained in Count IV of the second amended complaint.[1] Count IV alleges that *actions of the defendants which resulted in the loss by Penn Central Transportation Company* [2] ("Transportation Co.") of $21,000,000 through an investment in EJA constituted breaches of fiduciary duty and gross mismanagement and waste of the assets of Penn Central Company. The gravamen of the complaint against EJA is that

---

1. EJA is one of five corporate defendants and 44 individual defendants named in Count IV. Defendant's motion and our decision *do not affect* claims asserted against any defendant other than EJA.

2. The actual investment in EJA was made through Transportation Co.'s wholly-owned subsidiary, American Contract Company ("ACC").

"[t]he poor judgment of the Executive Jet Aviation, Inc. Directors, caused Executive Jet Aviation and, therefore, the Pennsylvania Railroad, its stockholders and the banks extending credit to Executive Jet Aviation through the Pennsylvania Railroad to lose millions of dollars in wasted financial material and human resources."

Paragraph 52, Amended Complaint 70–2010

Transportation Co., the successor in interest to the Pennsylvania Railroad, is the Debtor in proceedings No. 70–347 in this District before the Honorable John P. Fullam (the Reorganization Court). We have previously determined that all derivative claims asserted in 70–2010 on behalf of Transportation Co. belong to the Trustees in reorganization, and we have dismissed plaintiffs in 70–2010 as parties with respect to these claims. In re Penn Central Securities Litigation, 335 F.Supp. 1026 (E.D.Pa.1971). EJA maintains that the only allegations against it in the *Robinson* complaint are derivative, and therefore within the exclusive control of the Trustees. EJA and the Trustees have settled all Transportation Co. claims against EJA in connection with the sale of Transportation Co.'s interest in EJA pursuant to Order No. 561 of the Reorganization Court, In the Matter of Penn Central Transportation Co., No. 70–347 (E.D. Pa., filed January 24, 1972).[3] Plaintiffs argue that Count IV asserts direct claims of Penn Central Company stockholders, as well as derivative claims against EJA, and therefore all claims against EJA have not been settled and the motion should be denied.

The general rule for determining whether an action asserts direct or derivative claims has been stated as follows:

" * * * If the injury is one to the plaintiff as a stockholder and to him individually, and not to the corporation, as where the action is based on a contract to which he is a party, or on a right belonging severally to him, or on a fraud affecting him directly, it is an individual action. On the other hand, if the wrong is primarily against the corporation, the redress for it must be sought by the corporation, except where a derivative action by a stockholder is allowable, and a stockholder cannot sue as an individual. The action is derivative, i.e., in the corporate right, if the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property without any severance or distribution among individual holders, or if it seeks to recover assets for the corporation or to prevent the dissipation of its assets." 13 W. Fletcher, Corporations § 5911 (1970). *See also* J. Moore, Federal Practice ¶23.1.16 [1] (2d ed. 1969).

The issue presently before us is whether Count IV alleges any direct claim by Penn Central Company stockholders against EJA. Plaintiffs argue that Count IV charges defendants not only with causing damage to Penn Central Company but also with common law counts of fraud by which the defendants caused direct harm to Penn Central shareholders. We do not agree.

The allegations of Count IV are strictly derivative claims. Plaintiffs have not alleged any acts by EJA which can be

---

3. The sale of Transportation Co.'s interest in EJA and the release of all claims by Transportation Co. against EJA and its subsidiaries do not affect any direct claims of the Trustees, ACC, the Penn Central Company or its stockholders against "any corporation or individual, including past and present directors and officers of EJA, who had dealings with EJA to the detriment of the claimants" or any direct claims of Penn Central Company or its shareholders against EJA and its subsidiaries. In the Matter of Penn Central Transportation Co., Petition of Detroit Bank and Trust Co., Liquidating Trustee, 337 F.Supp. 791 (E.D.Pa. filed January 4, 1972). Therefore, if plaintiffs in 70–2010 have alleged direct claims against EJA, such claims have not been settled by virtue of the Trustees' sale of Transportation Co.'s interest in EJA.

construed as having injured the shareholders directly rather than the corporation. *See* Zahn v. Transamerica Corp., 162 F.2d 36 (C.A. 3, 1947); Borak v. J. I. Case Co., 317 F.2d 838 (C.A. 7, 1963).

Plaintiffs in effect maintain that in injuring the corporation through the actions alleged, EJA has also injured the shareholders. But this statement can be made concerning every derivative action. Shareholders have an interest in the corporation, and therefore any injury to the corporation will affect them. In determining whether an action sets forth a derivative or a direct claim, we must determine whether the corporation or the stockholder was the directly injured party. If the primary duty breached by the defendant is to the corporation, the shareholders, although affected by the wrongdoing, have no individual right of action. Johnson v. American General Insurance Co., 296 F. Supp. 802, 810 (D.C.D.C.1969).

"* * * As has been well said, 'any other rule would admit of as many suits against the wrongdoer as there were stockholders in the corporation.' If damages to a stockholder result indirectly, as the result of an injury to the corporation, and not directly, he cannot sue as an individual." 13 W. Fletcher, Corporations § 5911 (1970).

We conclude that Count IV of the *Robinson* complaint does not allege any direct claims by the stockholders against EJA. The sale of Transportation Co.'s interest in EJA approved by the Reorganization Court constituted a release of all claims of Transportation Co. against EJA, and therefore the derivative claims asserted on behalf of Transportation Co. against EJA in Count IV of the *Robinson* complaint have been settled.

The only possible remaining claimant against EJA in Count IV is the Penn Central Company. We have previously determined that Penn Central Company can only assert claims for injuries which after October 1, 1969 harmed it directly in its status as a corporation rather than in its status as sole stockholder of Transportation Co. In Re Penn Central Securities Litigation, 335 F.Supp. 1026 (E.D.Pa.1971). Although in view of our determination of Penn Central Company's interests we have a substantial doubt that Count IV states any cause of action on behalf of Penn Central Company against EJA, we cannot so conclude from the face of the complaint because Count IV does not specifically allege the dates during which EJA engaged in alleged wrongdoing. Because the release of Transportation Co.'s claims against EJA did not affect any possible direct claims of Penn Central Company against EJA, we cannot conclude on the basis of the record before us that such claims, if any, in Count IV should be dismissed. We therefore grant defendant's motion to dismiss the claims asserted against it in Count IV of 70–2010 without prejudice to the right of Penn Central Company to assert its claims against EJA.