**Mary NAGLE, et al.**

v.

**COMMERCIAL CREDIT BUSINESS LOANS, INC., et al.**

**Civ. A. No. 82–0046.**

United States District Court,
E.D. Pennsylvania.

Oct. 19, 1983.

28

## MEMORANDUM OPINION

CAHN, District Judge.

This is a breach of contract dispute arising out of a Stipulation and Order entered in this court on September 12, 1975.[1] Before the court are defendant's motion to dismiss the plaintiff's complaint; defendant's motion to dismiss plaintiff's amended complaint; the motion of the trustee in bankruptcy (of Rimar Manufacturing, Inc. and Pier 7 Inc.) to intervene as a plaintiff pursuant to Federal Rule of Civil Procedure 24 and the plaintiffs' motion to join the trustee as a party plaintiff pursuant to Federal Rule of Civil Procedure 17(a). Subject matter jurisdiction is premised upon diversity of citizenship under 28 U.S.C. § 1332(a).

The court has considered the memoranda of the parties and has determined that the trustee's motion to join as a party plaintiff will be granted. The motion of defendant, Commercial Credit Business Loans, Inc., (CCBL) to dismiss the complaint and the amended complaint will be granted as it applies to the original plaintiffs. The trustee in bankruptcy's motion to intervene will be denied. In the complaints there were three individual defendants named in addition to Commercial Credit Business Loans, Inc. By order dated August 2, 1982, this court dismissed the claims against all the individual defendants. If the trustee in bankruptcy desires to pursue this action, he will be ordered to file a second amended

1. *Rimar Manufacturing, Inc. et al. v. Commercial Credit Business Loans, Inc., et al.,* No. 75– 2516 (E.D.Pa.1975).

complaint, consistent with this opinion, within thirty days.

The initial question is whether the original plaintiffs, who are stockholders and bondholders in two corporations, Rimar Manufacturing, Incorporated (RMI) and Pier 7, can establish a cause of action against CCBL. Because the original plaintiffs cannot proceed with their alleged cause of action, it will be unnecessary to decide whether the original plaintiffs' proposed class meets the subject matter jurisdiction requirements of 28 U.S.C. 1332(a) or whether the proposed class should be certified pursuant to Fed.R.Civ.P. 23.

The plaintiffs, as stockholders and bondholders of the aforementioned corporations brought this action for breach of the corporations' contractual rights. The alleged breach arose after a Stipulation and Order had been entered into by CCBL and RMI on September 12, 1975. The plaintiffs alleged that CCBL violated the spirit, intent, and terms of the stipulation. The amended complaint raises allegations of bad faith, malicious interference with the contracts and commitments of RMI, and undue influence and pressure by CCBL. The thrust of the first count of the complaint centers on CCBL's unwillingness to extend a four month financing period agreed upon in the stipulation. Plaintiffs claim that as a direct result of defendant's alleged intransigence, RMI was forced into bankruptcy.

CCBL has filed motions to dismiss both the original complaint and the amended complaint. Plaintiffs filed no direct response to such motions to dismiss, but instead filed a motion to join the trustee in bankruptcy as a party plaintiff and requested the court to postpone any decision on the dismissal motions until a decision on the joinder motion was made. CCBL raises several arguments in favor of granting its motions. Due to this court's resolution of the case it is necessary to consider only the inability of the original plaintiffs to assert a claim against CCBL.

In their amended complaint plaintiffs assert a class action under Fed.R.Civ.P. 23 and 23.1. The assertion of a derivative action by the plaintiffs is infirm. Initially, the plaintiffs neglected to verify the amended complaint as required in a derivative suit. Fed.R.Civ.P. 23.1. More importantly, the Rules require that:

> The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for his failure to obtain the action or for not making the effort.

Fed.R.Civ.P. 23.1. The stockholders and bondholders have failed to show what efforts they made to obtain the desired action from the directors of RMI or why RMI did not pursue a cause of action for breach of contract. Indeed, RMI's later attempt to intervene demonstrates its desire to pursue and litigate the alleged breach.

■ A plethora of case law demonstrates that a claim for breach of a contract by a corporation or for the tortious impairment or destruction of the business of the corporation is vested solely in the corporation, not its stockholders. *See Pitchford v. Pepi, Inc.*, 531 F.2d 92, 96–98 (3d Cir.), *cert. denied*, 426 U.S. 935, 96 S.Ct. 2649, 49 L.Ed.2d 387 (1976); *Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727, 732 (3d Cir.1970), *cert. denied*, 401 U.S. 974, 91 S.Ct. 1190, 28 L.Ed.2d 323 (1971); *Loeb v. Eastman Kodak Co.*, 183 F. 704 (3d Cir.1910); *Stevens v. Lowder*, 643 F.2d 1078 (5th Cir.1981); *United States v. Palmer*, 578 F.2d 144 (5th Cir.1978); *ITT Diversified Credit Corp. v. Kimmel*, 508 F.Supp. 140 (N.D.Ill.1981); *W. Clay Jackson Enterprises v. Greyhound Leasing*, 463 F.Supp. 666 (D.C.P.R.1979); *In Re Penn Central Securities Litigation*, 347 F.Supp. 1324 (E.D.Pa.1972); *Mullins v. First National Exchange Bank of Virginia*, 275 F.Supp. 712, 721 (W.D.Va.1967); *White v. First Nat'l Bk. of Pgh.*, 252 Pa. 205, 97 A. 403 (1916); 13 *W. Fletcher, Cyclopedia of the Law of Private Corporations* § 5923 (rev. perm. ed. 1980).

Our court has noted the distinction to be made between a stockholder's direct action

and a derivative action. In *In Re Penn Central Securities Litigation, supra,* Chief Judge Lord wrote:

Shareholders have an interest in the corporation, and therefore any injury to the corporation will affect them. In determining whether an action sets forth a derivative or a direct claim, we must determine whether the corporation or the stockholder was the directly injured party. If the primary duty breached by the defendant is to the corporation, the shareholders, although affected by the wrongdoing, have no individual right of action.

347 F.Supp. at 1327. *See also, Johnson v. American General Insurance Co.,* 296 F.Supp. 802, 810 (D.C.1969). The cited case law exhibits the principle that merely because the shareholders are injured by a breach of contract between their corporation and another, they are not entitled to redress against the breaching party.

RMI filed a voluntary petition under Chapter XI of the former Bankruptcy Act. 11 U.S.C. § 1 *et seq.* (1898), as amended. On March 4, 1976, RMI consented to being adjudicated bankrupt. A trustee in bankruptcy was appointed for RMI. The trustee received approval from the Bankruptcy Court to commence litigation against the defendant. (Motion to Intervene as a Plaintiff, p. 1 and 2, ¶ 3 and 4).

■ The trustee in bankruptcy is the person authorized to pursue the rights of the bankrupt corporation. In *Gochenour v. George and Francis Ball Foundation,* 35 F.Supp. 508, 514 (S.D.Ind.1940), *aff'd* 117 F.2d 259 (7th Cir.), *cert. denied,* 313 U.S. 566, 61 S.Ct. 942, 85 L.Ed. 1526 (1941), the court wrote:

It is clear that a "cause of action" is an asset or a property right of the individual to whom it belongs. It is equally clear that, under the Bankruptcy Act, the title to a "cause of action" which belonged to the individual prior to bankruptcy passed to the trustee in bankruptcy upon adjudication.

*See also,* Bankruptcy Act, §§ 70a(5) and (6), 11 U.S.C. § 110a(5) and (6) (1898), as amended. The *Gochenour* court further noted that:

A trustee in bankruptcy ... has title to all the assets of the bankrupt or debtor, and represents all the creditors. It is his or its right to prosecute all causes of action which could have been prosecuted by the bankrupt or debtor, had bankruptcy not intervened.

35 F.Supp. at 517.

The Supreme Court in *Pepper v. Litton,* 308 U.S. 295, 307, 60 S.Ct. 238, 245, 84 L.Ed. 281 (1939) stated that stockholders' derivative actions belong to a bankruptcy trustee and not to the stockholders. The court found:

While normally that fiduciary obligation is enforceable directly by the corporation, or through a stockholder's derivative action, it is, in the event of bankruptcy of the corporation, enforceable by the trustee.

308 U.S. 295 at 307, 60 S.Ct. at 245.

■ In this case, there is no question that the stockholders and bondholders do not have an enforceable cause of action against CCBL. The failure to state a claim upon which relief may be granted results in the dismissal of the original plaintiffs, namely the stockholders and bondholders of RMI. Fed.R.Civ.P. 12(b)(6). Further, the plaintiffs have failed properly to establish that they have a derivative claim pursuant to the provisions of Rule 23.1 of the Federal Rules of Civil Procedure.

■ The trustee in bankruptcy for RMI filed a Motion to Intervene on April 12, 1982. The motion and adjoining memorandum neglect to state whether the trustee seeks intervention under Fed.R.Civ.P. 24(a), Intervention of Right, or under Fed.R.Civ.P. 24(b), Permissive Intervention. This court does not find that this case presents the proper circumstances for intervention, under either Fed.R.Civ.P. 24(a) or (b). The criteria necessary to intervene under either Fed.R.Civ.P. 24(a) or (b) have not been met in this case. Under either procedure there can be no intervention, because after the dismissal, there is now no

entity remaining with which to intervene. There is an additional reason to bar intervention of right: under Fed.R.Civ.P. 24(a)(2), since the proposed intervenor is not presently a party to this litigation, the disposition of this original litigation will not "impair or impede his [the trustee's] ability to protect" his interest because he is not bound by the principle of res judicata under these circumstances. This is a requirement for intervention of right under rule 24(a)(2). Additionally, the trustee cannot utilize permissive intervention, because the trustee seeks to intervene in order to cure the jurisdictional and other defects of the plaintiff's complaint. Manufacturing jurisdiction is not a proper place for permissive intervention. *See McClune v. Shamah,* 593 F.2d 482, 486 (3d Cir.1979); *Fuller v. Volk,* 351 F.2d 323, 328 (3d Cir.1965); and Fed.R.Civ.P. 24(b). Therefore, the court will deny the trustee's motion to intervene.

■■■ The trustee in bankruptcy sought to join the original plaintiffs, relying on Fed.R.Civ.P. 17(a), on May 24, 1982. The dismissal of the original plaintiffs means the trustee has no entity to join. However, the trustee can be substituted as plaintiff for the original plaintiffs. Federal Rule 17(a) provides that "[e]very action shall be prosecuted in the name of the real party in interest." A purpose of the rule is to protect defendants from subsequent similar actions by the party actually entitled to recover. *White Hall Bldg. Corp. v. Profexray Div. of Litton Ind.,* 387 F.Supp. 1202 (E.D.Pa.1974), *aff'd* 578 F.2d 1377 (3d Cir.1978). Since the trustee in bankruptcy is the real party in interest in this suit, the court finds that the case can proceed with the trustee substituted as plaintiff for the dismissed class of stockholders and bondholders provided the trustee files an amended complaint alleging the same cause or causes of action previously pleaded.

In order to maintain this lawsuit, the trustee must be the real party in interest and possess standing to sue. The real party in interest principle is a means to identify the person who, according to the governing substantive law, is entitled to enforce the right. *Kenrich Corporation v. Miller,* 256 F.Supp. 15 (E.D.Pa.1966), *aff'd on other grounds,* 377 F.2d 312 (3d Cir.1967). The rule does not require that the real party in interest be the party who will ultimately benefit from the lawsuit. *Galarza v. Union Bus Lines, Inc.,* 38 F.R.D. 401 (S.D.Tex.1965), *aff'd per curiam,* 369 F.2d 402 (5th Cir.1966). The purpose of the rule is stated in the Advisory Committee Notes to the 1966 Amendment to Rule 17(a):

> [T]he modern function of the rule in its negative aspect is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata.

Fed.R.Civ.P. 17(a), Advisory Committee Note (1966 Amendment). Thus, the basis of the rule is to resolve the disputes in question in one action containing the proper parties. In the instant case, the court is substituting the proper party plaintiff, the trustee, for the class of stockholders, so that CCBL can avoid subsequent litigation and can have any controversy resolved finally.

Wright, Miller & Cooper, have noted that:

> To determine whether the requirement that the action be brought by the real party in interest has been satisfied, the court must look to the substantive law creating the right being sued upon to see if the action has been instituted by the party possessing the substantive right to relief.

6 *C. Wright, Miller & Cooper, Federal Practice & Procedure,* § 1544 at 647 (1971). As noted previously, the substantive law gives to the trustee in bankruptcy the right to prosecute all causes of action. *Gochenour, supra,* at 517.

Rule 17(a) of the Federal Rules of Civil Procedure provides that:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed ... for

... joinder or substitution of the real party in interest.

Fed.R.Civ.P. 17(a). The original class of plaintiffs purported to be the real parties in interest. However, the court determined that the trustee in bankruptcy is the only real party in interest. To prohibit the substitution of the trustee would be contrary to both the language and spirit of Rule 17.[2]

Defendant raises the defense that the attempt to join the trustee is time barred. However, Rule 17(a) contains a relation-back provision, which states that the "joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest". Fed.R.Civ.P. 17(a). Therefore, since the original complaint was not time barred, the trustee is accorded the opportunity to substitute, even though the applicable statute of limitations for this action would have expired before his attempted intervention on April 12, 1982.

This court does not believe that substitution prejudices the defendant in any way. As Wright and Miller instruct:

> As long as defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action against him, his ability to protect himself will not be prejudicially affected if a new plaintiff is added, and he should not be permitted to invoke a limitations defense.

6 C. Wright, Miller & Cooper, Federal Practice & Procedure, § 1501 at 524. Here, the claims of the trustee are identical to those of the stockholders and concern the very same conduct of the defendant.

A final question to be resolved before applying Rule 17(a) is whether a reasonable amount of time has elapsed. The court, at its discretion, may deny leave to substitute.[3] Wright & Miller have noted that "the rule [calling for substitution rather than dismissal] should be applied only to cases in which substitution of the real party in interest is necessary to avoid injustice." 6 Wright, Miller & Cooper, supra, § 1555 at 707. Here, the denial of substitution would leave the stockholders without a remedy and would consequently be unjust. Furthermore, the trustee attempted, albeit unsuccessfully, to intervene only four months after the filing of the original complaint. Clearly a reasonable time had not yet elapsed. Even though there has been an amended complaint, and an invalid intervention attempt, this court does not find it unjust to allow another amendment.[4]

■ CCBL's assertion that the trustee lacks standing is untenable. The "standing" requirement flows from the definition of federal judicial power in Article III of the United States Constitution. "The reach of the Article III limitation ... seems likely to extend only to the requirement that a litigant establish 'injury in fact' resulting from the challenged activity." 13 Wright, Miller & Cooper, supra, § 3531 at 176. Here, the plaintiff has alleged an injury which "involves an interest that was intended to be protected ...." 13 Wright, Miller & Cooper, supra, § 3531 at 176; see also Data Processing Service v. Camp, 397 U.S. 150, 153, 90 S.Ct. 827, 829, 830, 25 L.Ed.2d 184 (1970) and Barlow v. Collins, 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970). The Supreme Court has found that standing is present when "the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." Data Processing Service v. Camp, supra, 397 U.S. at 153, 90 S.Ct. at 830 (1970); see also Barlow v. Collins, supra, (1970). In Flast v. Cohen, 392 U.S. 83, 101, 88 S.Ct.

---

**2.** Indeed, the defendant's motion to dismiss concedes that the cause of action, if any, belonged to RMI and subsequently to the bankruptcy trustee.

**3.** The law is well settled that a court may deny leave to amend pleadings if a party has had sufficient opportunity to state a claim and has failed. See generally 3 Moore's Federal Practice ¶ 15.08(4) at 15–94, n. 11 and accompanying text (2d ed.1978).

**4.** In Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), the court noted that in the proper exercise of discretion, the trial judge may deny leave to amend after repeated failure to cure deficiencies by amendments previously allowed.

1942, 1953, 20 L.Ed.2d 947 (1968), the Supreme Court noted:

> [I]n terms of Article III limitations on federal court jurisdiction, the question of standing is related only to whether the dispute sought to be adjudicated will be presented in an adversary context and in a form historically viewed as capable of judicial resolution.

This case falls squarely within the ambit of standing to sue. A further discussion of standing is unwarranted.

When originally filed, the plaintiffs sued CCBL as well as individual defendants, H. Milton Amos, William J. Gilleland, and Richard K. McDonald. On August 2, 1982, an order of this court dismissed without prejudice the individual defendants for failure to serve them with process. The bankruptcy trustee may not now proceed against the individual defendants. CCBL will be the only defendant in this litigation should the bankruptcy trustee file an amended complaint within thirty days.

Accordingly, an Order will follow.

