## Copland v. Fischer & Porter Co.

58

C.P. of Bucks County, no. 93-08366-09-5.

*Todd S. Collins* and *Thomas J. Profy III,* for plaintiffs.
*David H. Pittinsky* and *Charles H. Dorsett Jr.,* for defendant Fischer & Porter.
*Marc J. Sonnenfeld,* for defendants Tolson & Hochreiter.

RUFE III, W., *J.,* June 13, 1996—Defendants have filed preliminary objections to plaintiffs' amended class action complaint in the above matter. Having received memoranda of law from, and oral argument by all counsel, we prepare the following opinion and order.

Plaintiffs' amended complaint seeks to establish a class of "all persons . . . who owned shares of the common stock of the defendant Fischer & Porter Company . . . at any time during the period from October 1, 1993 through August 4, 1994," excluding the defendants and the officers and directors of Fischer & Porter Company. The class might conveniently be designated the "minority" shareholders of Fischer & Porter Company and the individual defendants the "controlling" shareholders of the company.

The amended complaint avers that in 1993 approximately 3,400 minority shareholders owned approximately 5.2 million shares of common stock of Fischer & Porter Company, while the individual defendant controlling shareholders owned 564,497 shares of Class B stock which entitled them to 10 votes for each share of Class B stock while common stock owners only had one vote per share. Thus, the individual defendants controlled approximately 55 percent of the votes in the company.

The complaint further alleges that by virtue of their voting control of the company, the individual defendants mismanaged the company thereby greatly depressing the value of the common stock shares owned by the minority shareholders. In fact, the value of the shares fell to $8.625 per share on September 30, 1993, when the individual defendants allegedly induced the board

of directors to approve a conversion of their 564,497 shares of Class B stock for an equal number of shares of common stock, as provided for by the Fischer & Porter Company Articles of Incorporation. In addition thereto, the individual defendants received two warrants for each share of Class B stock whereby they could purchase one share of common stock for each warrant at the $8.625 per share closing price in effect on September 30, 1993. The complaint contends there was no provision in the articles of incorporation for the issuance of such warrants. Thus, as a result of the transaction, the individual defendants would eventually have 1,693,491 shares of common stock instead of only 564,497 as plaintiffs contend would be proper.

Immediately after the transaction was completed, the board of directors of Fischer & Porter Company announced the company was for sale. The next day the value of shares of the common stock rose by 70 percent and the company subsequently merged with Elsag Bailey Process Automation N.V., under terms whereby each shareholder of Fischer & Porter received $24.25 per share. Thus, the individual defendants received over $17.6 million in profits on the common stock they received for the allegedly improperly issued warrants which the plaintiffs contend diluted the profits that should have been received by all the shareholders.

In Count I of the amended complaint, the plaintiffs aver that the individual defendants breached their fiduciary duty as controlling shareholders of the company to the plaintiff minority shareholders by compelling the company to issue the warrants to them contrary to the company's articles of incorporation, and placing the special committee of the board of directors of the

company under duress to vote for this transaction upon threat of being otherwise replaced.

Defendants have preliminarily objected to Count I (and II and V, as well), contending: (1) that 15 Pa.C.S. §1793 does not confer standing; and (2) that the suit should be derivative, not direct. Defendants also object that Count I is legally insufficient.

In Count II the amended complaint charges the individual defendants with unlawful self-dealing by extracting an excessive and unreasonable premium in exchange for relinquishing their controlling voting power and taking advantage of their possession of material inside information all of which unfairly and wrongfully diluted the value of the shares held by the plaintiff minority shareholders.

Defendants have preliminarily objected on the ground it was the special committee and not the individual defendants that approved the transaction.

In Count III the plaintiffs have charged the defendant Fischer & Porter Company with ultra vires conduct as a result of converting the individual defendants' Class B stock at a greater than one for one basis in contravention of the company's articles of incorporation, and authorizing the entire transaction without shareholder approval.

Defendants have preliminarily objected on the basis that section 1503 of the Business Corporation Law, 15 Pa.C.S. §1503 does not permit the raising of an ultra vires issue against the corporation.

Count IV of the amended complaint charges the defendant Fischer & Porter Company with unlawfully aiding and abetting the individual defendants in violating

their breaches of fiduciary duty by engaging in ultra vires conduct and issuing the warrants to the individual defendants.

Defendants object that Pennsylvania does not recognize a cause of action against a corporation for allegedly aiding and abetting a purported breach of fiduciary duty by its controlling shareholders.

Finally, in Count V of the amended complaint the plaintiffs charge all defendants with unlawful conversion of plaintiffs' property by expropriating equity in the company that belonged to the plaintiffs as a result of the improper dilution of the value of the shares of the company.

Defendants object to this count on the basis that plaintiffs have not stated a cause of action in conversion, for plaintiffs have not been deprived of possession or use of any chattel or money.

In addressing defendants' preliminary objections we note first and foremost that the gravamen of plaintiffs' claim is the alleged wrongful acts of the individual defendants in improperly using their controlling vote to bring about an improper and unfair premium in the form of illegal warrants in exchange for giving up that controlling vote. There is no allegation that the corporation was harmed in any way as a result of the transaction, or that the corporation itself engaged in any alleged wrongdoing except at the instigation and initiation of the individual defendants and therefore as a result of the improper and wrongful acts of the individual defendants. Nothing in the complaint suggests that the corporate defendant profited in any way from the transaction or received any benefit of any kind at

the expense of the plaintiff minority shareholders. Accordingly, any losses suffered by the plaintiffs as set forth in their complaint, were exclusively at the hands of the individual defendants, and any recovery thereof, if warranted, should similarly come exclusively from the individual defendants.

With the foregoing preamble in mind, we now address the preliminary objections.

Defendants' objections to plaintiffs' Counts I, II and V assert that the plaintiffs lack standing to bring this action because (1) it is not conferred by section 1793 of the Business Corporation Law, 15 Pa.C.S. §1793, and (2) the action should be derivative, not direct, on behalf of the corporation. Both of these arguments are inapplicable to the present case. Section 1793 relates to "any person aggrieved by any corporate action. . . ." As noted above, the plaintiffs here are aggrieved not by the corporate action, but by the actions of the individual defendants. While it may be argued that it is the corporate issuance of the alleged illegal warrants that has harmed the plaintiffs, we reject that argument and find instead that it is the alleged wrongful acts of the individual defendants in securing the issuance of those warrants that has brought financial injury, if any, to the plaintiffs, not the active corporate action.

Similarly, derivative actions arise out of those instances in which "the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property without any severance or distribution among individual holders, or if it seeks to recover assets for the corporation or to prevent the dissipation of its assets." *In re Penn Central Securities Litigation,* 347

F. Supp. 1324, 1326 (E.D. Pa. 1977). Here, there is no claim of injury to the corporation, or to the whole body of its stock: only to the minority shareholders.

Accordingly, we overrule the individual defendants' objections regarding standing to Counts I, II and V of the amended complaint.

The defendants' objection to Counts III and IV asserts that the plaintiffs' claim that defendant Fischer & Porter Company's issuance of the alleged illegal warrants constitutes ultra vires corporate conduct is barred by section 1503 of the Business Corporation Law, 15 Pa.C.S. §1503. The statute reads:

"Section 1503. Defense of ultra vires

"(a) General rule.—A limitation upon the business, purposes or powers of a business corporation, . . . shall not be asserted in order to defend any action at law or in equity . . ., but the limitation may be asserted:

"(1) In any action by a shareholder against the corporation to enjoin the doing of unauthorized acts or the transaction or continuation of unauthorized business . . . .

"(2) In any action by or in the right of the corporation to procure a judgment in its favor against an incumbent or former officer or director of the corporation for loss or damage due to his unauthorized acts.

"(3) In a proceeding by the Commonwealth under section 503 (relating to actions to revoke corporate franchises) or in a proceeding by the Commonwealth to enjoin the corporation from the doing of unauthorized or unlawful business." 1503 Pa.C.S. §1503(a).

The plain and simple meaning of this provision is that no one may claim a corporation did not have the authority to enter any contract in question, except for the purposes of this case, that a shareholder may bring

an action *to enjoin* the corporation from doing unauthorized acts. Thus, while it is clear that the plaintiffs herein could have brought an action six days after the transaction to enjoin the corporation's issuance of the warrants and thereby have fallen under the exception in subsection (1) of the above provision, it is equally clear that they did not bring an injunction action, but rather brought the present class action suit which is just as clearly barred. It is easy to understand why plaintiffs, having long suffered the devaluation of their shares at the hands of the controlling shareholders, now observing the end of that control, the immediate placing of the corporation on the open market, and the instant leap in the value of their shares, did not then want to risk any undoing of that happy circumstance by injunction. Hence, this suit was brought rather than an action to enjoin the corporate issuance of the warrants. Unfortunately for plaintiffs, this action against the corporation is barred by the foregoing section. Consequently, the defense objections to Counts III and IV of the amended complaint must be sustained.

Finally, in Count V plaintiffs contend that all defendants unlawfully converted plaintiffs' property by expropriating equity in the company that belonged to plaintiffs. Defendants counter that plaintiffs' share values tripled as a result of the transaction in question and all plaintiffs received payment in full for their shares.

This is not a conversion case. Before money can be converted by defendants, it must clearly belong to and be the rightful property of the plaintiffs. *Montgomery v. Federal Insurance Co.,* 836 F. Supp. 292 (E.D. Pa. 1993). The entire purpose of this legal action by plaintiffs is to establish their right to the equity they claim was wrongfully taken from them as a result

of the dilution of their stock values. Not until plaintiffs successfully win this case will plaintiffs have established their rightful ownership in the equity they claim has been expropriated. Consequently, there cannot have been any conversion of plaintiffs' property as a result of the transaction in question. A successful prosecution of this case by plaintiffs will right or correct any wrong that might have been deemed a conversion in retrospect. Therefore, defendants' preliminary objections to Count V must be sustained.

## ORDER

And now, June 13, 1996, it is hereby ordered and decreed as follows:

(1) All preliminary objections of defendant Fischer & Porter Company are hereby sustained and Fischer & Porter Company is hereby dismissed from the case;

(2) The preliminary objections of defendants, Jay H. Tolson and E. Joseph Hochreiter, are sustained insofar as they relate to plaintiffs' complaint as a derivative action, but are overruled insofar as they relate to plaintiffs' complaint as a direct action on behalf of plaintiff class of minority shareholders against defendants in their capacity as "controlling" shareholders only, who, in that capacity, allegedly breached their fiduciary duty to the plaintiffs' minority shareholders (Count I) and engaged in unlawful self-dealing (Count II);

(3) Defendants' objections challenging lack of specificity are overruled;

(4) Defendants' request for sanctions and/or attorneys' fees is denied;

(5) Defendants are granted 20 days leave from the date hereof to file an answer.