593 F.2d 482
 Robert C. McCLUNE, and Hilda A. McClune, his wife, Joseph C.
Weimer, Jack D. Adelson and Ruth B. Adelson, his wife,
Sidney N. Busis and Sylvia A. Busis, his wife, Gaetano
Dentici, Calvin Hill, James P. O'Malley and Dorothy J.
O'Malley, his wife, Allen J. Cousin, Thomas D. O'Malley and
Mary Alice O'Malley, his wife, Gerald S. Soroker, Stephen
Bruno, Richard Dipietro, Mark H. Wholey, M. N. Adelson &
Sons, Inc., a Pennsylvania business corporation, James
Sloss, Leonard Merkow, Ned A. Nutz, Alex E. Sebastian,
Miriam H. Sadler, Maida R. Rubenstein, William J. Ivill and
Linda M. Ivill, his wife, Robert S. Ruben and Anne H. Ruben,
his wife, J. L. Coon and Grace H. Coon, his wife, Robert
Gifford, and Roman A. Babin
v.
Alfred A. SHAMAH, Steven J. Gumenick, Donald F. Martin, Jr.,
Brunswick Management Corporation, a Delaware business
corporation, Babbitt Meyers & Company, a Pennsylvania
partnership, Robert E. Rose, Spector Cohen Hunt & Rosen, a
Pennsylvania professional corporation, and Arthur R.
Spector, Edward E. Cohen, and Betsy Z. Cohen, trading as
Spector & Cohen, a Pennsylvania partnership, Cedar Bayou,
Ltd., a Pennsylvania limited partnership, Appellant.
 No. 78-1795.
 United States Court of Appeals,
Third Circuit.
 Argued Jan. 12, 1979.
Decided March 8, 1979.
 
 Robert L. Potter, Roslyn M. Litman, John E. Grasberger, Litman, Litman, Harris & Specter, P. A., Pittsburgh, Pa., for appellant.
 William H. Holden, Jr., Weinberg & Green, Baltimore, Md., for appellees, Alfred A. Shamah, Steven J. Gumenick, and Brunswick Management Corp.
 Stewart B. Barmen, Raphael, Sheinberg & Barmen, P. A., Pittsburgh, Pa., for appellee, Robert E. Rose.
 Paul R. Rosen, Edward M. Dunham, Jr., Spector, Cohen, Hunt & Rosen, P. C., Philadelphia, Pa., for appellee, Spector, Cohen, Hunt & Rosen.
 James J. Restivo, Jr., Arthur J. Schwab, Frederick N. Egler, Jr., Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for appellees, Arthur R. Spector, Edward E. Cohen and Betsy Z. Cohen.
 Before SEITZ, Chief Judge, and GIBBONS and HIGGINBOTHAM, Circuit Judges.
 OPINION OF THE COURT
 SEITZ, Chief Judge.
 
 I.
 
 1
 Cedar Bayou, Ltd., a Pennsylvania limited partnership, appeals from an order of the district court denying its motion to intervene in this lawsuit, brought by all of its limited partners.
 
 
 2
 The limited partners filed suit in the district court on August 19, 1977, asserting causes of action under the Securities Act of 1933, the Securities Exchange Act of 1934 and pendent claims arising from their investment in Cedar Bayou, Ltd. Their complaint alleges securities fraud, mismanagement and breaches of common law duties arising from Cedar Bayou's formation and its participation in a joint venture with a second limited partnership, Baytown, Ltd. The purpose of the joint venture was to finance the purchase and facilitate the ongoing management of two apartment complexes located in Baytown, Texas. The joint venture has experienced serious financial difficulties, and the investors in Cedar Bayou have suffered concomitant losses, which the plaintiffs attribute to actions of the defendants. Subsequent to the commencement of this lawsuit, Cedar Bayou itself filed a petition in the district court for an arrangement under Chapter 12 of the Bankruptcy Act.
 
 
 3
 The named defendants in this action include Brunswick Management Corporation, hired by the joint venture to manage the apartment complexes; Alfred Shamah and Steven Gumenick, officers and principal shareholders of Brunswick and sole owners of Baytown, Ltd.; Donald Martin, an officer of Brunswick and the ousted general partner of Cedar Bayou; Babbitt Myers & Company, the securities dealer and broker that sold the plaintiffs their interests in Cedar Bayou; Robert Rose, an employee of Babbitt Myers; and Spector Cohen Hunt & Rosen, and some of its partners, the law firm that prepared documents allegedly relied upon by the plaintiffs in purchasing interests in Cedar Bayou.
 
 
 4
 Plaintiffs' complaint includes eight counts. The first five allege that all of the defendants, in participating in the formation of Cedar Bayou and in the sale of limited partnerships to the plaintiffs, committed violations of the federal securities acts and regulations, the Pennsylvania Securities Act of 1972 and implementing regulations, and legal duties owed plaintiffs under Pennsylvania common law. Count VI is directed against defendants Shamah and Gumenick. It seeks a declaration that a promissory note and deed of trust, obtained by them from the joint venture some two years after the plaintiff's purchase of their interests in Cedar Bayou, are null and void. Count VII is directed against Brunswick Management Corporation. It seeks a declaration that the agreement by which Brunswick receives fees for operating the real estate owned by the joint venture is null and void and a money judgment for fees already paid. Count VIII is directed against the law firm and its partners. It seeks damages for legal malpractice in the drafting of the "private placement memorandum" that was allegedly relied upon by plaintiffs, as clients of the firm, when they purchased interests in Cedar Bayou.
 
 
 5
 On January 31, 1978, counsel for the plaintiffs filed a motion on behalf of Cedar Bayou, as an entity, to intervene as a party plaintiff in this action. The motion asserted that the applicant was entitled to intervene in these proceedings as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure; alternatively, it sought permissive intervention under Rule 24(b). This motion for intervention was filed in response to an argument raised by defendants Shamah and Gumenick that Count VI of the complaint should be dismissed because it stated a cause of action belonging to Cedar Bayou itself and not its individual limited partners. The complaint in intervention incorporated Counts VI, VII and VIII of the plaintiffs' complaint.
 
 
 6
 On March 6, 1978, the district court denied the motion for intervention. With respect to the claim that Cedar Bayou could intervene as a matter of right, the court stated that the partnership did not have the requisite interest relating to the property or transaction which is the subject of this action. The court characterized Cedar Bayou's complaint as raising claims for mismanagement and breaches of duty by the defendants unconnected with the sale of interests in the limited partnership. Permissive intervention was denied on jurisdictional grounds, and because the court, in the exercise of its discretion, believed that litigation concerning the claims asserted by Cedar Bayou would inject new issues into an already complex case and unduly delay the adjudication of plaintiffs' action.
 
 
 7
 The district court evidently assumed that each of the claims asserted by Cedar Bayou stated causes of action belonging to it as an entity or to the joint venture and that these claims were not properly raised in the original complaint. On the same date that it denied intervention the court dismissed Count VI of plaintiffs' complaint on that basis. In the same order the court declined to dismiss Count VII because of its belief that the amount of management fees owed by the limited partners to Brunswick could be determined on a counterclaim or final accounting. However, in denying the motion to intervene, the court stated that insofar as Count VII constituted an action to set aside the management agreement itself, that action belonged to the joint venture and could not be raised by Cedar Bayou or its limited partners. Presently, the law firm defendants' motion to dismiss Count VIII on similar grounds is pending before the district court.
 
 
 8
 Following the district court's denial of plaintiffs' motion to amend their complaint to include Cedar Bayou as a party plaintiff and Cedar Bayou's motion to reconsider its application for intervention, Cedar Bayou filed a notice of appeal from the order denying intervention. The law firm defendants filed a motion to dismiss the appeal, contending that the denial of intervention is not an appealable order, and that motion has been referred to this panel for adjudication.
 
 II.
 
 9
 We need spend little time in resolving the law firm defendants' motion to dismiss this appeal. It has long been the law in this Circuit that " '(w)hen an absolute right to intervene in a lawsuit is claimed, and the claim is rejected, the order denying intervention is considered final and appealable.' " Commonwealth of Pennsylvania v. Rizzo, 530 F.2d 501, 504 (3d Cir.), Cert. denied, 426 U.S. 921, 96 S.Ct. 2628, 49 L.Ed.2d 375 (1976), Quoting Philadelphia Electric Co. v. Westinghouse Electric Corp., 308 F.2d 856, 859 (3d Cir. 1962), Cert. denied, 372 U.S. 936, 83 S.Ct. 883, 9 L.Ed.2d 767 (1963). Cedar Bayou's motion for intervention claimed an absolute right to intervene in these proceedings pursuant to Rule 24(a)(2). Under such circumstances appealability does not turn on the merits of the motion. "It is sufficient that intervention of right was sought and denied to render the denial appealable." Rizzo, supra, 530 F.2d at 504. Moreover, an appeal is well taken from both aspects of an order denying intervention where it is claimed that the applicant had an absolute right to intervene, and, alternatively, that the district court abused its discretion in denying permissive intervention. Philadelphia Electric Co., supra, 308 F.2d at 859. The appellees' motion to dismiss this appeal will be denied.
 
 III.
 
 10
 To satisfy the criteria Rule 24(a)(2) sets out for intervention of right Cedar Bayou must show that it "claims an interest relating to the property or transaction which is the subject of the action" and that it "is so situated that the disposition of the action may as a practical matter impair or impede (its) ability to protect that interest." However, even if it succeeds in satisfying these two criteria, intervention of right will be denied if "the applicant's interest is adequately represented by existing parties."
 
 
 11
 Cedar Bayou's appeal from the denial of its motion for intervention of right requires it to argue before this Court that it satisfies the first two requirements because it seeks to assert claims identical to those already a part of this action and because the principles of res judicata and stare decisis may impede it in later asserting those claims in a separate lawsuit. With respect to the required showing that the existing parties may not adequately represent its interest, however, Cedar Bayou argues that its interests will not be represented at all if the plaintiffs are unable to assert the claims stated in Counts VI, VII and VIII because they belong to the partnership as an entity.
 
 
 12
 Cedar Bayou's argument is paradoxical. Obviously, if the individual limited partners are precluded from litigating Counts VI, VII and VIII of their complaint, because they state claims belonging to Cedar Bayou, the partnership will not be bound by res judicata from later bringing its own action asserting those claims. Furthermore, to the extent that resolution of the issues raised in Counts I through V of the plaintiffs' complaint may affect the later resolution of claims belonging to Cedar Bayou, the complete identity of interest and legal representation between Cedar Bayou and its limited partners insures that the partnership's interests will be adequately represented by the existing parties to this lawsuit. Thus, it is apparent that Cedar Bayou did not satisfy the criteria established by Rule 24(a)(2) for intervention of right.
 
 
 13
 Moreover, Cedar Bayou is precluded from intervening in this lawsuit, either as a matter of right, or pursuant to its motion for permissive intervention, for additional reasons. Cedar Bayou's motion for intervention was directed toward forestalling the defendants' argument that certain claims asserted by the plaintiffs belong to the partnership entity rather than its limited partners. But it is axiomatic that "intervention will not be permitted to breathe life into a 'nonexistent' lawsuit." Fuller v. Volk, 351 F.2d 323, 328 (3d Cir. 1965). A motion for intervention under Rule 24 is not an appropriate device to cure a situation in which plaintiffs may have stated causes of action that they have no standing to litigate. See Interstate Commerce Commission v. Southern Railway Co., 380 F.Supp. 386, 394 (M.D.Ga.1974), Affirmed in relevant part, 543 F.2d 534 (5th Cir. 1976) ("it is elementary that jurisdictional defects in the original complaint cannot be remedied by the papers of intervenors, nor can authority to bring a suit be bestowed by intervenors on an original plaintiff where no such authority existed prior to intervention").
 
 
 14
 The foregoing analysis leads to the conclusion that the district court neither erred as a matter of law in denying Cedar Bayou's motion to intervene as of right nor abused its discretion in denying its motion for permissive intervention.
 
 
 15
 Recognizing the apparent incongruence between its motion for intervention and the purposes of Rule 24, appellant invites this Court to reverse the district court's denial of plaintiffs' motion to amend their complaint to include Cedar Bayou as a party plaintiff. This we cannot do. The plaintiffs have not appealed from the order denying that motion, nor could they since it is not a final order appealable under 28 U.S.C. § 1291. A fortiori, the unsuccessful applicant for intervention cannot challenge that order in this appeal. See Commonwealth of Pennsylvania v. Rizzo, supra, 530 F.2d at 508 ("one properly denied the status of intervenor cannot appeal on the merits of the case").
 
 
 16
 We decide in this appeal only the question presented for review. We hold that the district court did not err in denying Cedar Bayou's motion to intervene in this lawsuit. Our opinion does not preclude Cedar Bayou's duly authorized receiver or trustee from litigating the claims it seeks to assert here through a separate civil proceeding or through its pending petition for an arrangement under Chapter 12 of the Bankruptcy Act. Nor do we decide whether the limited partners themselves may assert causes of action on behalf of Cedar Bayou in this lawsuit where its ousted general partner has been named as a defendant. See Pennsylvania Uniform Limited Partnership Act, P.L. 524, No. 155, § 1, 59 Pa.C.S.A. § 545 (Purdon's Supp.1978); Klebanow v. New York Produce Exchange, 344 F.2d 294 (2d Cir. 1965). Finally, we emphasize that neither the district court's dismissal of Count VI of the plaintiffs' complaint nor its denial of their motion to amend the complaint to add Cedar Bayou as a party plaintiff is before us in this appeal.
 
 IV.
 
 17
 The motion of the appellees to dismiss this appeal will be denied. The order of the district court denying appellant's motion for intervention will be affirmed.