**Than V. OUCH D/B/A M & D Mart, Plaintiff,**

v.

**Sarah Jane SHARPLESS, Defendant.**

**Civ.A. No. 2:05CV420.**

United States District Court, E.D. Texas, Marshall Division.

June 26, 2006.

David Szwak, Bodenheimer, Jones & Szwak, Shreveport, LA, for Than V. Ouch, Plaintiff.

Snow Bush, Longview, Texas, for Defendant, Sarah Sharpless.

Victoria Manhattan, Dallas, for Intervenor, Heng Khun.

## ORDER

LOVE, District Judge.

Before the Court is Heng Khun's ("Khun") plea to intervene (Doc. 23) in the case between Than V. Ouch D/B/A M & D Mart ("Ouch") and Sarah Jane Sharpless ("Sharpless") (Doc. 1). Ouch responded to the plea with a Motion to Dismiss or Stay the Intervention (Doc 25). On June 19, 2006, Khun submitted an amended Motion to Intervene (Doc. 28). On June 22, 2006, the Court conducted a hearing with all three parties and heard the arguments on the motion to intervene. After considering the parties' arguments, briefing, and the applicable law, the Court finds that Khun's motion to intervene should be DENIED.

## Background

Ouch operates a sole proprietorship business under the trade name M & D mart (Doc. 1). On or about Nov. 29, 2003, a fire, allegedly caused by Sharpless' negligence, damaged the property in which Ouch operated his business (Doc. 1). Ouch seeks damages from Sharpless in this action (the "Sharpless case") for, among other things, embarrassment, inconvenience, lost economic and investment opportunities, lost revenues, lost expectancy of profit, and loss of customer and goodwill. However, related litigation is also proceeding in the 114th Judicial District Court of Smith County, Texas (Cause No. 05–0571–B) (the "Rafi case"). In that case, Ouch's landlord, Sami Muhammad ("Rafi"), is suing Ouch's guarantor and movant in this case, Khun, for lost rent and compensation for repair costs associated with the fire. Rafi elected to proceed against Khun based on the belief that Ouch was insolvent, but Ouch has also been joined into that litigation as a responsible third party. On June 15, 2006, Rafi settled his claims against Khun for $20,000, and in return, Khun acquired rights to Rafi's cause of action against Ouch in the Rafi case. (Doc. 28). Khun has moved for summary judgment against Ouch on several claims including the reimbursement of the $20,000 settlement payment. Accordingly, at this point, it has not been legally established that Ouch is liable to Khun for anything.

Essentially, Khun would like to intervene in this case to ensure that any recovery Ouch receives will be available to satisfy debts that Khun alleges are owed to him by Ouch, which are currently being litigated in the Rafi case. Ouch argues that Khun's intervention should be dismissed or stayed and raises several arguments in support, however, the Court feels that an analysis of Fed. R.Civ.P. 24 provides sufficient basis to deny Khun's motion to intervene and will confine its discussion to intervention of right and permissive intervention.

## Analysis

### Intervention of Right

The intervenor, Khun, should not be allowed to intervene in the Sharpless case because he does not have an "interest" that supports intervention. A party may intervene of right if all of the following elements are satisfied: (1) The application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impeded his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit. *International Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir. 1978). The requirements of intervention are well settled, and if an intervenor fails to meet one of these elements, the intervenor cannot intervene as a matter of right. *Id.*

A key component of the intervention analysis is whether the intervenor has a sufficient "interest" in the litigation. "There is no clear-cut test to determine the nature of the interest required for intervention of

right. The inquiry is a flexible one which focuses on the particular facts and circumstances surrounding each application measured by a practical rather than technical yardstick." *Rigco, Inc. v. Rauscher Pierce Refsnes, Inc.*, 110 F.R.D. 180, 182 (N.D.Tex. 1986) (citing *United States v. Perry County Board of Education*, 567 F.2d 277, 279 (5th Cir.1978)). A valid interest under Rule 24(a)(2) must be "direct, substantial, and legally protectable," which requires a showing of something more than a mere economic interest. *Ross v. Marshall*, 426 F.3d 745, 757 (5th Cir.2005); *Rigco, Inc.*, 110 F.R.D. at 183, *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir.1984). Further, the interest must be "one which the substantive law recognizes as belonging to or being owned by the applicant." *Id.*

■ Of the four factors that make up the test for intervention of right, Khun can only satisfy one: the requirement that the application for intervention be timely. The Court will briefly discuss why Khun cannot establish two of the remaining three elements.

*(i) Interest relating to the property or transaction which is the subject of the action*

The Sharpless case involves damages arising from a fire, which Ouch claims, was the result of Sharpless's negligence. Khun has no substantive interest in the dispute between Ouch and Sharpless, rather, his sole interest rests in any eventual damages that Ouch may recover from Sharpless. Thus, Khun's interest is economic rather than substantive, which is insufficient for purposes of intervention. *New Orleans Public Service, Inc.*, 732 F.2d at 464. Although Khun has substantive claims against Ouch, those claims are being addressed in the Rafi case and do not support intervention.

The Court will address the last element assuming arguendo that Khun's interest is "direct, substantial, and legally protectable." *Ross v. Marshall*, 426 F.3d at 757; *Rigco, Inc.*, 110 F.R.D. at 183, *New Orleans Public Service, Inc.*, 732 F.2d at 464.

*(ii) The disposition of this action may impair or impede movant's ability to protect the interest*

Even if Khun's economic interest supported intervention, the disposition of this action would still not, as a practical matter, impair or impede his ability to protect that interest. If Khun prevails against Ouch in the Rafi case, he will obtain an enforceable judgment against Ouch, enabling him to protect his economic interest by attempting to collect from Ouch. In that case, the disposition of this case will not impede or impair his interest because he will have an independent basis of recovery from Ouch. If he does not prevail in the Rafi case, Khun will have no right to collect from Ouch, and therefore, will have no interest in any recovery Ouch secures in this case. The important point is that Khun's economic interest is completely dependant on his claims against Ouch, which are being independently addressed in the Rafi case. As this case is wholly distinct from the Rafi case, the disposition of this action will not impair or impede Khun's ability to protect his economic interest.

### Permissive Intervention

■ The Court will not exercise the power of permissive intervention under Fed. R.Civ.P. 24(b) Permissive intervention is "wholly discretionary," even if the intervenor satisfies the requirements of Rule 24(b). *New Orleans Public Service*, 732 F.2d at 471. When acting on a request for permissive intervention, it is proper to consider factors such as "whether the intervenors' interests are adequately represented by other parties" and whether the intervenor "will significantly contribute to full development of the underlying factual issues in the suit." *Id.* at 472 (citing *Spangler v. Pasadena City Bd. Of Ed.*, 552 F.2d 1326, 1329 (9th Cir.1977)). As stated in the intervention of right analysis, *supra*, Khun does not have an interest that will support intervention, nor will Khun's intervention significantly contribute to the development of underlying factual issues in the case.

### CONCLUSION

For the foregoing reasons, the Court DENIES Khun's motion to intervene (Doc. 23)

and amended motion to intervene (Doc. 28). Ouch's motion to dismiss Khun's motion to intervene is GRANTED (Doc. 25) and the alternative motion to stay is DENIED (Doc. 25).