**\*AMENDED CLD-156**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4344
_____

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,
an unincorporated association;
NATIONAL BASKETBALL ASSOCIATION, a joint venture; NATIONAL
FOOTBALL LEAGUE, an unincorporated association; NATIONAL HOCKEY
LEAGUE, an unincorporated association;
OFFICE OF THE COMMISSIONER OF BASEBALL,
an unincorporated association doing business as
MAJOR LEAGUE BASEBALL

v.

GOVERNOR OF THE STATE OF NEW JERSEY;
DAVID L. REBUCK,
Director of the New Jersey Division of Gaming Enforcement
and Assistant Attorney General of the State of New Jersey;
FRANK ZANZUCCKI, Executive Director of the New Jersey Racing Commission

\*HAROLD KUPERSMIT,
Appellant

\*(Pursuant to Rule 12(a) F.R.A.P.)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3:12-cv-04947)
District Judge:  Honorable Michael A. Shipp
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 14, 2013

Before:  RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed:   April 2, 2013)
_____

OPINION
_____

PER CURIAM

Harold Kupersmit, a frequent litigator in federal court, appeals from the District

Court's denial of his application to appear as amicus curiae and to intervene in a case.

Because the appeal does not present a substantial question, we will summarily affirm the

order of the District Court.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In August 2012, the National Collegiate Athletic Association, the National

Basketball Association, the National Football League, the National Hockey League, and

the Office of the Commissioner of Baseball filed a complaint alleging that New Jersey's

recent legislation concerning the legalization and regulation of wagering on certain

sporting events violates the Professional and Amateur Sports Protection Act ("PASPA"),

28 U.S.C. § 3701 et seq.  Collectively, they sought an injunction preventing the state

legalizing and regulating these wagering activities.

On October 22, 2012, Kupersmit filed a pro se application to appear as amicus

curiae and to intervene for purposes of (1) deferring any decision "until the U.S.

Congress changes the law on the reporting of gambling income only as it relates to

2

thoroughbred racing" and (2) transferring the record from the closed case of <u>Office of the Comm'r of Baseball v. Markell</u> (D. Del. 1:09-cv-538). The plaintiffs and defendants both filed letters opposing Kupersmit's request. The District Court denied Kupersmit's request, noting that he had not met the requirements for intervention under both Fed. R. Civ. P. 24(a) and (b). Kupersmit then timely filed this appeal.

We exercise jurisdiction pursuant to 28 U .S.C. § 1291.[1] We review the denial of a motion to intervene for abuse of discretion, although the standard is more rigorous for the denial of intervention as of right. <u>Brody v. Spang</u>, 957 F.2d 1108, 1115 (3d Cir. 1992) ("We review a denial of a motion to intervene as of right for abuse of discretion, although this review is 'more stringent' than the abuse of discretion review we apply to a denial of a motion for permissive intervention.").

Kupersmit has failed to meet the requirements for intervention as of right. A litigant seeking to intervene pursuant to Fed. R. Civ. P. 24(a)(2) must establish: "(1) a timely application for leave to intervene, (2) a sufficient interest in the underlying litigation, (3) a threat that the interest will be impaired or affected by the disposition of

---

[1] We have previously held that "the denial of a motion to intervene is a final, appealable order." <u>United States v. Alcan Aluminum, Inc.</u>, 25 F.3d 1174, 1179 (3d Cir. 1994); <u>see also</u> <u>McClune v. Shamah</u>, 593 F.2d 482, 485 (3d Cir. 1979). Conversely, "anyone who is involved in an action sufficiently to have a right of appeal from its final disposition does not have an immediate right of appeal from a denial or partial denial of intervention." <u>Carlough v. Amchem Prods., Inc.</u>, 5 F.3d 707, 712 (3d Cir. 1993). Here, however, Kupersmit has no rights of participation because he is not a member of the plaintiff's group; accordingly, we have jurisdiction to review the denial of his motion to intervene. We lack appellate jurisdiction to the extent the District Court's order simply denied

3

the underlying action, and (4) that the existing parties to the action do not adequately represent the prospective intervenor's interests." Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220 (3d Cir. 2005) (citing Kleissler v. United States Forest Serv., 157 F.3d 964, 969 (3d Cir. 1998)). Each requirement "must be met to intervene as of right." Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3d Cir. 1995) (citation omitted).

We agree with the District Court's dismissal of Kupersmit's application on the ground that his interest was insufficient to warrant intervention. Kupersmit sought to intervene to challenge the tax treatment of thoroughbred racing gambling income; however, this interest does not relate to the question of whether New Jersey's recent sports gambling legislation violates the PASPA. See Fed. R. Civ. P. 24(a)(2).

Moreover, permissive intervention is only available when "an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(1)(B). As noted above, Kupersmit's concerns regarding the taxation of thoroughbred racing gambling income have no question of law or fact in common with the question of whether New Jersey's sports gambling legislation violates the PASPA. Furthermore, the differences between the claims are such that allowing Kupersmit to

Kupersmit leave to act as amicus curiae. Boston & Providence R.R. Stockholders Dev. Grp. v. Smith, 333 F.2d 651, 652 (2d Cir. 1964).

intervene would have "unduly delay[ed]" the adjudication of Appellants' claims.[2] See

Fed. R. Civ. P. 24(b)(3).

For the foregoing reasons, no substantial question is presented and we will affirm

the District Court's order.  See 3d Cir. L.A.R 27.4; I.O.P. 10.6.  We deny Kupersmit's

motion for an order staying a sale of property.

---

[2] We further agree that Kupersmit has not demonstrated that a federal statute gives him an unconditional or conditional right to intervene, see Fed. R. Civ. P. 24(a)(1), (b)(1)(A), and that he failed to "state the grounds for intervention" and include "a pleading that set[] out the claim or defense for which intervention [was] sought," Fed. R. Civ. P. 24(c).